WILLIAM A. VAN METER, ESQ.
Nevada State Bar No. 2803
P.O. Box 6630
Reno, Nevada 89513
Telephone: (775) 324-2500

Electronically Filed on: February 4, 2025

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>RICHARD A. MARTIN,<br><br>Debtor.<br><br>_____ / | CASE NO. 24-51144-HLB<br>CHAPTER 13<br><br>**TRUSTEE'S OBJECTIONS TO**<br>**CONFIRMATION OF CHAPTER 13 PLAN**<br><br>Hearing Date: 02/13/2025<br>and Time:     3:00 pm<br>(Time Required – 1 minute) |

The Trustee objects to confirmation of the Debtor(s) Chapter 13 Plan or any Amended Plan to the extent the proposed Plan contains provisions inconsistent with the provisions of 11 U.S.C. §1322 or to the extent the requirements of 11 U.S.C. §1325 have not been satisfied. In connection with plan confirmation, the Trustee requests that the court determine that the Debtor has complied with 11 U.S.C. § 521(a)(1) and, that the automatic dismissal provisions of 11 U.S.C. § 521(i) do not apply.

The Trustee raises the following additional confirmation issues that are checked below:

__X__    The Debtor(s) projected Disposable Income during the applicable Commitment Period is not applied to make payments to unsecured claims in this case. 11 U.S.C. §§1325(b)(1)(B) & (b)(2). Based on the supporting documentation provided to the Trustee and the Trustee's review of the Debtor's form B22C and Schedules I and J, the Debtor(s) has miscalculated their Current Monthly Income as defined by 11 U.S.C. § 101(10A) and their disposable income as defined by 11 U.S.C. § 1325(b)(2).

**The Debtor's schedules would indicate that the Debtor has an approximate disposable income of $771.00. However, the plan proposes a payment of $450.00 for 5 months, then $550.00 for 8 months, then payments of $650 for 6 months, then payments of $750 beginning in month 20. It is noted that it is substantially less than the calculated disposable. The Trustee believes that the Debtor's Plan payments should be adjusted to provide for adequate disposable income beginning in month one of the plan, rather than stepped up plan payments.**

__X__    The Plan does not provide for all scheduled administrative, secured and priority claims and/or the proposed Plan payments are not adequate to provide for full payment of all administrative, secured and priority claims. 11 U.S.C. §1322(a).
    **Systems & Services Technologies filed arrears of $987.56 not provided for**

__X___    The Debtor has not complied with 11 U.S.C. §521 and the Debtor's obligations to cooperate with the Trustee's office by failing to appear at the 341 meeting and/or failing to file and provide requested or required documents to the Trustee.  The Trustee may raise additional substantive Plan objections at the confirmation hearing if any when the Debtor(s) complies with his or her obligations under the Bankruptcy Code.

**Detailed verification of all deposits made into the checking account**

DATED:  February 4, 2025             /S/ WILLIAM A. VAN METER_____
                                                                                William A. Van Meter, Trustee

**CERTIFICATE OF SERVICE**

  Pursuant to Fed. R. Bankr. P. 9014, 7004 and Fed. R. Civ. P. 4(g), I Katie Christ hereby swear under penalty of perjury that I am over the age of 18, not a party to the within action, and that on February 4, 2025, I Electronically Filed the attached **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** and that upon the filing of the document I anticipate that the Bankruptcy Court will thereafter generate a Notice of Electronic Filing and electronically transmit the document to:

Dated: February 4, 2025

                /S/ Katie Christ
                Katie Christ

SEAN P. PATTERSON, ESQ.
232 COURT STREET
RENO, NV 89501


RICHARD A. MARTIN                Served by First Class Mail
8685 UMBER SKY COURT
RENO, NV 89506